IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH RAY JOHNSON JR.,           )
                                   )
                Plaintiff,         )
v.                                 )          Case No. CIV–22–43–JAR
                                   )
KILO KIJAKAZI,                     )
Acting Commissioner of the         )
Social Security Administration,    )
                                   )
                Defendant.         )

## OPINION AND ORDER

Plaintiff Kenneth Ray Johnson Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental

impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was fifty-two years old at the time of the administrative hearing. (Tr. 23, 25). He has a limited education as he completed only through the ninth grade. (Tr. 23–24). He has worked as a carpenter. (Tr. 23). Claimant alleges that he has been unable to work since November 14, 2018, due to limitations resulting from pancreatitis, nerve damage in back and legs, PTSD, back problems, diabetes, severe anxiety, panic attacks, high blood pressure, and congestive heart failure. (Tr. 65).

### Procedural History

On April 25, 2019, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Larry D. Shepard ("ALJ") issued an unfavorable decision on July 15, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider Claimant's obesity, and (2) failing properly consider the credibility of Claimant's complaints.

## Consideration of Obesity

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, degenerative disc disease, diabetes mellitus, hypertension, chronic pain syndrome, right hip disorder, peripheral vascular disease, carotid artery disease, and atherosclerosis. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform light work with limitations. Specifically, the ALJ found that Claimant can occasionally climb stairs or ramps, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes, or scaffolds. (Tr. 19).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of cashier II, marker, and sales attendant. (Tr. 24). As a result, the ALJ found Claimant had not been under a disability since April 15, 2019, the date the application was filed. (Tr. 25).

Claimant contends that the ALJ failed to properly evaluate the effect of Claimant's severe impairment of obesity on his other impairments, as well as

4

altogether mention his obesity during the ALJ's RFC determination at step-four. Social Security Ruling 19-2p requires an ALJ consider that "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 19-2p, 2019 WL 2374244, *4 (May 20, 2019). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment(s)." *Id.* at *2. Each case is evaluated based on the information in the record, resulting in "an individualized assessment of the effect of obesity on a person's functioning[.]" *Id.* at *2, *4. "[G]eneral assumptions about the severity or functional effects of obesity combined with [other] impairments" will not be made. *Id.* at *4.

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." *Id.* at *5. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." *Id.* "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. *Id.* at *6. However, speculation upon the effect of obesity is discouraged. See *Fagan v. Astrue*, No. 06–6261, 2007 WL 1895596, at **2 (10th Cir. July 3, 2007).

At step two, the ALJ determined Claimant's obesity to be a severe impairment. (Tr. 14). When discussing the listings at step three, the ALJ mentioned Social Security Ruling 19-2p and summarized the evidence relating to Claimant's obesity. (Tr. 18–19). The ALJ then determined Claimant's obesity did not result "in an inability to ambulate effectively," and did not exacerbate "his other impairments to the extent that the combination of impairments [met] the requirements of a listing." (Tr. 19). The ALJ then made the conclusory statement that he "considered the effects of the claimant's obesity when determining a maximum residual functional capacity for the claimant," with no further explanation. (Tr. 19). However, at step-four the ALJ made no mention of Claimant's obesity, alone or in conjunction with his analysis of other impairments. Without further explanation during his RFC determination, it is not clear to this Court the ALJ did consider the effects of Claimant's obesity on his other impairments. The ALJ's duty to consider Claimant's obesity did not cease at step-three. Claimant contends, and this Court agrees, that given his severe musculoskeletal and cardiac impairments, this error is not harmless. This Court finds that the ALJ did not sufficiently consider Claimant's obesity in the RFC determination. On remand, the ALJ shall make clear that he considered Claimant's obesity and its overall effect on Claimant's functionality in light of his other impairments at step-four in accordance with Social Security Ruling 19-2p.

Given that this Court is reversing on the ALJ's improper consideration of

obesity, it need not address the additional arguments at this time. However, the ALJ in considering Claimant's obesity shall likewise re-consider his analysis of Claimant's subjective complaints.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 26th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**